

THE COUNCIL
OF
THE CITY OF NEW YORK
OFFICE OF THE GENERAL COUNSEL
250 BROADWAY, 15TH FLOOR
NEW YORK, N.Y. 10007

ELIZABETH R. FINE
GENERAL COUNSEL

*Lauren G. Axelrod*
*Assistant General Counsel*

(212) 788-7017
FAX: (212) 513-0701
E-MAIL: LEGFINE@COUNCIL.NYC.NY.US

(212) 676-1361
FAX (212) 513-0701
E-MAIL: LAXELROD@COUNCIL.NYC.GOV

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 0 4 2008
```

January 31, 2008

Hon. Paul A. Crotty
United States District Judge
Daniel Patrick Moynihan
   United States Courthouse
500 Pearl St., Room 735
New York, NY 10007

VIA E-MAIL

> The N.Y. City Council may file
> an amicus brief of no more than 15 pages.
>
> † SO ORDERED: 2/4/08
>
> /s/ Paul Crotty
> HON. PAUL A. CROTTY
> UNITED STATES DISTRICT JUDGE

**MEMO ENDORSED**

Re: State of New York, et al v. United States Department of Health and Human Services, 07-CV-8621 (PAC)

Dear Judge Crotty:

I write to request the Court's permission for the Council of the City of New York ("the Council"), the City's legislative body, to submit a memorandum of law as an *amicus curiae* in the above-captioned case. Plaintiff the State of New York and defendant have given their consent for the Council to participate in this case as an *amicus curiae*. The remaining plaintiffs have been advised of the Council's request and have not expressed any objection.

As your Honor is aware, this case concerns, among other matters, the defendant's denial of New York State's proposed amendment to its State Children's Health Program ("SCHIP") plan, called Child Health Plus ("CHP"). That amendment principally sought to raise the CHP income limit to 400 percent of the federal poverty limit. Because the Council has legislative responsibility for New York State's largest municipal population (which includes more uninsured children than the population of 41 separate states), budget, and governmental apparatus, it can bring to this Court a sense of the impact of the defendant's denial of the State's proposed plan amendment. Further, the nature of this impact informs – and indeed is inextricably interwoven with – the legal issues presented here. The severe adverse consequences on uninsureds and on municipal government underscores that the federal government's new plan review criteria, which resulted in denial of New York State's plan amendment, is nothing short of a fundamental policy change that requires formal notice and comment rulemaking procedures.

2

Under the City Charter, the Council plays an active role in supporting and overseeing the health of City children and, therefore, is keenly aware of the effects of federal SCHIP funding. The Council has oversight and budgetary authority over all City agencies, including agencies whose missions include providing health or safety services to the City's children. As a result, the Council has insight and expertise into the policy and legal implications of making substantial changes to CHP.

As of December 2007, the City was home to 144,580 children who are enrolled in CHP – nearly 40% of the total number of enrolled children across the state. Both the City and the state have achieved high levels of enrollment through aggressive outreach strategies and the use of facilitated enrollment. Facilitated enrollment allows community based organizations and other local service providers to assist applicants in completing applications for CHP. The majority of CHP enrollees utilized facilitated enrollment services.[1] The Council has been instrumental in promoting facilitated enrollment. Yesterday, the Council passed a bill that will require day care centers to distribute a pamphlet on public health insurance program options to all individuals who appear in person to register a child for day care. These efforts to enroll as many eligible children as possible have been effective: 88 percent of all City children eligible under the 250 percent ceiling are currently enrolled. However, there remain an estimated 24,000 to 94,000 children in the City who are uninsured but not eligible for any type of public insurance. The Council has a strong interest in preserving the state Legislature's flexibility to deal with the lack of health insurance for City residents.

The defendant's denial of New York's state plan amendment will reverse several years of progress towards expanding insurance coverage for New York's most needy. Expanding eligibility for the state plan, as New York State has proposed, could extend coverage to up to 80,000 additional uninsured children.[2] In addition, increasing the eligibility for the state plan would likely have the effect of enrolling more children who were previously eligible but not enrolled in the program.

The City has a significant interest in the federal government continuing to allow states the discretion to determine the most appropriate allowable income limit for their SCHIP plans.[3] Accordingly and for the above reasons, the Council respectfully requests that your Honor grant it permission to file a memorandum of law as an *amicus curiae*.

Respectfully,

Lauren G. Axelrod

cc:  Bruce McHale
     John Schwartz
     *Counsel for plaintiff State of New York*

     Karen Konieczny
     *Counsel for plaintiff State of Illinois*

     Lorie Mayorga
     Joel Tornari

---

[1] Children's Def. Fund & The N.Y. Acad. of Med., Barriers to Enrollment in Child Health Insurance Programs 8 (2003).
[2] See U.S. Census Bureau, Current Population Survey: Annual Social and Economic Supplement (2007).
[3] To that end, the Council unanimously passed a resolution on November 15, 2007, endorsing the Speaker's decision to pursue *amicus curiae* status in this case.

3

*Counsel for plaintiff State of Maryland*

William L. Williams
Catherine R. Hoover
*Counsel for plaintiff State of Washington*

Serrin Andrew Turner
*Counsel for defendant United States Department of Health and Human Services*