

RICHARD BLUMENTHAL
ATTORNEY GENERAL

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Tel: (860) 808-5210
Fax: (860) 808-5385

Office of The Attorney General
State of Connecticut

February 5, 2008

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________
DATE FILED: FEB 0 7 2008

Hon. Paul A. Crotty
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 735
New York, NY 10007

VIA E-MAIL

**Re: State of New York, et al v. United States Department of Health and Human Services, 07-CV-8621 (PAC), pre-motion letter asking leave to file a brief amicus curiae**

Dear Judge Crotty:

MEMO ENDORSED

Pursuant to Your Honor's rules of practice, I am writing to request leave for the State of Connecticut to file a brief *amicus curiae* in the above-captioned case. Plaintiffs States of New York, Maryland, and Washington have given their consent for State of Connecticut to participate as an *amicus curiae*. It is believed that the State of Illinois will also consent; however, undersigned counsel has not heard back from Illinois at this point in time. Defendant United States, by and through Assistant U.S. Attorney Serrin Turner, does not oppose the various states filing one consolidated brief; however, he does not consent to this request for permission for Connecticut to file its own brief.

MEMO ENDORSED

As Your Honor knows, this case concerns the lawfulness of conditions stated in an August, 2007 Center for Medicare and Medicaid Services ("CMS") letter which imposes new conditions for the approval of State Children's Health Insurance Program ("SCHIP") state plans where the "effective" income level of the family is over 250 percent of poverty. Connecticut currently covers children in families with "effective" incomes of up to 300 percent of poverty, and has done so in accordance with the terms of its federally-approved SCHIP state plan for more than ten years, since the inception of the SCHIP program. The "CMS letter," therefore, directly affects Connecticut.

Connecticut is in a position to provide assistance to the Court on the issues raised in this lawsuit. For example, it can inform the Court that the SCHIP statute explicitly affords the states with discretion to determine how family income is computed. See 42 U.S.C. § 1397jj(b), which defines the terms "targeted low-income child" as being a child whose family income, "as determined under the State child health plan," does not exceed prescribed levels. Connecticut can also inform the Court that many states, including Connecticut, use "income disregards" and other methodologies to compute countable income that effectively allow the states to include children from families of somewhat higher gross income in their SCHIP coverage groups. The defendant has consistently approved such income counting methodologies.

February 5, 2008
Hon. Paul A. Crotty
Re: State of New York, et al v. U.S. Department of Health & Human Services
Page 2

Even now, in the CMS letter, the defendant United States does not take the position that the states do not have discretion to determine how family income is counted. Instead of the statutory standard of income "as determined" by the state, the CMS letter introduces the now concept of "effective income levels," which has no basis in the Act. The defendant has also imposed a number of onerous, unreasonable conditions, which may be impossible for the states to meet, if they wish to cover children with "effective" income levels of over 250 percent of poverty. These conditions for approval similarly have no basis in the Act. The direct impact of the CMS letter is to deny health insurance coverage to thousands of low income children. And all of this is purportedly accomplished by a mere "CMS letter", not by statute and not by duly promulgated regulation.

Accordingly, the State of Connecticut respectfully requests that the Court grant it permission to file a memorandum of law as *amicus curiae*. Connecticut is aware of the fact that some other states are interested in participating as amicus. Connecticut assures this Court that it will attempt to work cooperatively with the other states; however, it is possible that the approaches of the states may vary and Connecticut requests permission to file its own separate brief, if necessary.

Respectfully,

STATE OF CONNECTICUT

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: Hugh Barber
Assistant Attorney General

The request is granted. The submission must be limited to 20 pages.

SO ORDERED: 2/6/08

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

Cc: John Schwartz, Esq.
AAG – New York

Karen Konieczny, Esq.
AAG – Illinois

Joel Tornari, Esq.
AAG – Maryland

Catherine Hoover, Esq.
AAG – Washington

Serrin Turner, Esq.
Assistant Attorney – USA

HB:dh