DEPARTMENT OF HEALTH & HUMAN SERVICES

Centers for Medicare & Medicaid Services

Administrator
Washington, DC 20201

SEP - 7 2007

Ms. Judith Arnold, Director
Division of Coverage and Enrollment
Office of Health Insurance Programs
State of New York Department of Health
Corning Tower
Empire State Plaza
Albany, NY 12237-0004

Dear Ms. Arnold:

I am responding to your request for approval of a title XXI State plan amendment (SPA) dated April 12, 2007, with additional information submitted on May 9, 2007, and August 27, 2007. This SPA seeks to increase the financial eligibility standard for its separate State Children's Health Insurance Program (SCHIP) from the current effective family income eligibility level at or below 250 percent of the Federal poverty level (FPL) to an effective family income eligibility level at or below 400 percent of the FPL. The SPA also proposes to implement a 6-month waiting period of prior uninsurance for children with family incomes above 250 percent of the FPL, with certain listed exceptions. After extensive review of this SPA by the Department of Health and Human Services, I regret to inform you that we are not approving this SPA.

Section 2101(a) of the Social Security Act (the Act) specifies that the purpose of title XXI is to "expand the provision of child health assistance to uninsured, low-income children in an effective and efficient manner that is coordinated with other sources of health benefits coverage for children." New York has not demonstrated that its program operates in an effective and efficient manner with respect to the core population of targeted low-income children. Specifically, it has failed to provide assurances that the State has enrolled at least 95 percent of the children in the core targeted low-income child population, those with family incomes below 200 percent of the FPL. As outlined in an August 17, 2007, letter to State Health Officials, such assurances are necessary to ensure that expansion to higher income populations does not interfere with the effective and efficient provision of child health assistance. In the absence of such an assurance, I cannot conclude that New York is effectively and efficiently using available resources to serve that core population, such that expansion to higher income levels would not divert resources from serving the core population.

Section 2102(b)(3)(C) of the Act requires that State plans include procedures to ensure that SCHIP insurance does not substitute for coverage under group health plans. Applicable regulations at 42 CFR section 457.805 implement this requirement by mandating that the State plan include a description of "reasonable procedures to ensure that health benefits coverage provided under the State plan does not substitute for coverage provided under group health

Page 2 – Ms. Judith Arnold

plans." In issuing this regulation, the Centers for Medicare & Medicaid Services (CMS) acknowledged that, at higher family income eligibility levels, there is a greater likelihood of substitution of coverage. At the high proposed family income eligibility levels, reasonable procedures should include a full range of procedures to discourage substitution. New York's proposal does not include procedures to prevent such substitution that include a 1-year period of uninsurance for populations over 250 percent of the FPL. Additionally, New York's proposed cost sharing has not met the requirement that cost sharing under the State plan compared to cost sharing required by competing private plans not be more favorable to the public plan by more than 1 percent of the family income, nor has the State proposed to set its cost sharing at the 5 percent family cap. Absent such procedures, I cannot find that New York meets the requirement for reasonable procedures to prevent substitution of coverage.

For these reasons, and after consulting with the Secretary as required under 42 CFR section 457.150(c), I am unable to approve this SPA for expanding coverage. This disapproval is consistent with the August 17, 2007, letter to State Health Officials discussing how these existing statutory and regulatory requirements should be applied to all States expanding SCHIP effective eligibility levels above 250 percent of the FPL.

If you are dissatisfied with this determination, you may petition for reconsideration within 60 days of the receipt of this letter, in accordance with the procedure set forth at Federal regulations at 42 CFR section 457.203. Your request for reconsideration may be sent to Ms. Cynthia Potter, CMS, Center for Medicaid and State Operations, 7500 Security Boulevard, Mail Stop S2-25-22, Baltimore, Maryland 21244-1850.

If you have any questions or wish to discuss this determination further, please contact Ms. Sue Kelly, Associate Regional Administrator, Centers for Medicare & Medicaid Services, Division of Medicaid and Children's Health, 26 Federal Plaza, Room 3811, New York, NY 10278-0063.

Sincerely,

Kerry Weems
Acting Administrator

Page 3 – Ms. Judith Arnold

cc: CMS Region II, New York