CMSDEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop S2-26-12
Baltimore, Maryland 21244-1850



CENTERS for MEDICARE & MEDICAID SERVICES

**Center for Medicaid and State Operations**

MAY 0 7 2008

SHO #08-003

Dear State Health Official:

In our August 17, 2007 letter to State Health Officials, we discussed our review strategy for ensuring compliance with existing requirements under the State Children's Health Insurance Program (SCHIP) established under title XXI of the Social Security Act (Act) for the effective and efficient provision of child health assistance coordinated with other sources of health benefits coverage. In working with States to ensure compliance with statutory and regulatory requirements in a way that is tailored to the unique circumstances of each State, we have learned that some States were unclear about our approach. This letter addresses some of the key issues that have arisen during those discussions.

In the August 17 letter, we discussed the need to minimize the substitution of SCHIP coverage for private coverage ("crowd-out") at higher income levels in accordance with existing statutory and regulatory requirements. We discussed our review strategy for evaluating State compliance with requirements under 2102(b)(3)(C) of the Act and with regulations at 42 C.F.R. 457.805 for reasonable crowd-out procedures when States expand eligibility to effective family income levels above 250 percent of the Federal poverty level (FPL) to include some strategies developed in the course of ten years of SCHIP operation. We also set forth our concern that expansion to higher income levels could interfere with the overall effective and efficient provision of coverage, coordinated with other sources of health benefits coverage, to core SCHIP populations. We indicated that we would ask States to make assurances related to this concern, based on data concerning coverage of lower income children.

In our prior letter, we stated that we would "not expect any effect on current enrollees" from the review strategy announced in the letter. Nevertheless, a number of States who currently provide coverage to children above 250 percent of the FPL and are working to comply with the letter have expressed concern about the effect on current enrollees. We reiterate that any changes made to a State's crowd-out procedures in response to the August 17 letter need not be applied to prior enrollees. These children can be grandfathered into the State's current coverage and cost sharing levels, as long as they remain continuously enrolled in the program.

Some affected States have asked whether the crowd-out procedures described in our prior letter – in particular, the 12-month uninsurance period and cost-sharing within one percentage point of family income when compared to the cost of private coverage in the group market or set at the five percent family cap–should be applied to all enrollees or only those enrollees with effective family incomes above 250 percent of the FPL. Because our heightened concern about increased substitution risk applies to higher income levels, such crowd-out procedures need not be applied

Page 2 – State Health Official

to enrollees with effective family incomes at or below 250 percent of the FPL. However, States do have the option to apply these crowd-out procedures to enrollees with family incomes at or below 250 percent of FPL as part of efforts to ensure that SCHIP coverage does not substitute for private coverage. States do not have to use crowd out procedures when covering children at any level of income solely with their own funds.

In our prior letter, we did not address the special circumstance of unborn children. Because of the unique importance of timely prenatal care, we would not expect States to apply crowd-out procedures to SCHIP coverage for unborn children.

The 12-month period of uninsurance is the standard by which States will be evaluated. However, CMS will review alternative proposals from States, and the justifications for them. We will also consider exceptions for categories of individual enrollees (based on particular circumstances) if the State furnishes justifications and data demonstrating a low substitution risk.

The assurance that at least 95 percent of children in the State with family incomes below 200 percent of the FPL have coverage can be supported by data demonstrating Medicaid, SCHIP or private coverage. This is an achievable goal and based on conversations with States, we are convinced that a number of States have already reached this goal. We will continue to work individually with affected States on different approaches to document this assurance, including the use of state-specific survey data or other data sources to refine the underlying Current Population Survey (CPS) data.

The purpose of the crowd-out procedures and assurances discussed in the August 17th letter is to ensure compliance with existing regulatory requirements by reasonably protecting against crowd-out and otherwise ensuring the effective and efficient operation of the SCHIP program in serving the most vulnerable low-income populations, when coverage is extended to populations with higher income levels. Because State programs (and 1115 demonstrations) vary widely, we will continue to work with affected States and review requests for alternative approaches on a case-by-case basis to ensure compliance with these existing requirements of law.

If you have any questions regarding this guidance, please contact Ms. Kathleen Farrell, Acting Director, Family and Children's Health Programs Group, who may be reached at (410) 786-1236.

                    Sincerely,

                    Herb B. Kuhn
                    Deputy Administrator
                    Acting Director, Center for Medicaid and State Operations

Page 3 – State Health Official

cc:

CMS Regional Administrators

CMS Associate Regional Administrators
   Division of Medicaid and Children's Health

Barbara Edwards
NASMD Interim Director
American Public Human Services Association

Joy Wilson
Director, Health Committee
National Conference of State Legislatures

Matt Salo
Director of Health Legislation
National Governors Association

Debra Miller
Director for Health Policy
Council of State Governments

Christie Raniszewski Herrera
Director, Health and Human Services Task Force
American Legislative Exchange Council

Barbara Levine
Director of Policy and Programs
Association of State and Territorial Health Officials