UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
STATE OF NEW YORK, STATE OF ILLINOIS, STATE OF   :
MARYLAND, STATE OF WASHINGTON,                   :
                                                 :
                  Plaintiffs,                    :
                                                 :
         v.                                      :   07 Civ. 8621 (PAC)
                                                 :
UNITED STATES DEPARTMENT OF HEALTH AND           :   ECF CASE
HUMAN SERVICES,                                  :
                                                 :
                  Defendant.                     :
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT
## OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1

Pursuant to Rule 56.1 of the Local Civil Rules of this Court, defendant submits the following response to the statement of material facts submitted by plaintiffs in support of their motion for summary judgment.

Defendant objects to plaintiffs' statement of material facts in its entirety on the ground that all of the statements of fact asserted therein (putting aside those which are in actuality statements of law) are immaterial. Plaintiffs seek summary judgment solely as to two claims: (1) their claim that the SHO Letter "imposes mandates and requirements not set forth in statute or codified regulations" in violation of 45 C.F.R. § 92.11; and (2) their claim that the SHO Letter "failed to comply with the notice-and-comment requirements of the Administrative Procedure Act, 5 U.S.C. § 500 *et seq.* (the "APA") and thus constitutes invalid rule-making." Plaintiffs themselves characterize these as "both purely legal issues." Pls.' Br. at 3. Moreover, APA review is presumptively limited to the administrative record compiled before the agency. *E.g.*,

*NRDC v. Muszynski*, 268 F.3d 91, 97-98 (2d Cir. 2001). Accordingly, a statement of facts is neither necessary nor proper to resolving plaintiffs' summary judgment motion.

Further, most of the particular allegations asserted in plaintiffs' statement have no apparent connection to the procedural claims on which plaintiffs seek summary judgment. Statements 1 through 4, 20 through 44, and 53 concern various details surrounding plaintiffs' respective SCHIP programs that have no bearing on whether the SHO Letter imposes requirements beyond existing statutes or regulations or whether the letter constitutes a legislative rule subject to rulemaking requirements. Likewise, statements 54, 56, and 57 amount to allegations that the SHO Letter imposes requirements that are unreasonably burdensome – which could relate only to plaintiffs' *substantive* challenge to the SHO Letter as arbitrary and capricious. This challenge is not part of plaintiffs' summary judgment motion, and in any event judicial review of such claims is, again, presumptively limited to the relevant administrative record. Statements 5-19 set forth the statutory and regulatory background of the SCHIP program and amount to plaintiffs' summaries and characterizations of legal provisions rather than statements of fact.

The only statements of fact that have any colorable connection to plaintiffs' summary judgment claims are statements 45-53, 55, and 58. Plaintiffs draw on the facts alleged in these statements as evidence of agency intent to treat the SHO Letter as a legally binding norm. However, these statements, too, are immaterial to plaintiffs' procedural claims, because they do not evidence any final agency decisions capable of providing a reliable guide to agency practice. *See* Def.'s Reply Mem. at Point I.A.2.

-3-

## CONCLUSION

For the foregoing reasons, defendant objects to plaintiffs' statement of undisputed material facts in its entirety.

Dated: New York, New York  
       May 16, 2008

MICHAEL J. GARCIA  
United States Attorney for the  
Southern District of New York  
Attorney for Defendant

By:    */s/ Serrin Turner*  
SERRIN TURNER  
Assistant United States Attorney  
86 Chambers Street, 3rd Floor  
New York, New York 10007  
Telephone: (212) 637-2701  
Facsimile: (212) 637-2686  
Email: serrin.turner@usdoj.gov